158                                          451 Mass. 158 (2008)

Zoning Board of Appeals of Canton *v.* Housing Appeals Committee.

ZONING BOARD OF APPEALS OF CANTON *vs.* HOUSING APPEALS
COMMITTEE & another.[1]

Norfolk. February 5, 2008. - April 11, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Department of Housing and Community Development. Administrative Law,*
Regulations. *Regulation. Statute,* Construction. *Zoning,* Housing appeals
committee, Low and moderate income housing. *Housing.*

CIVIL ACTION commenced in the Superior Court Department on
October 27, 2005.

The case was heard by *Charles M. Grabau,* J., on a motion
for judgment on the pleadings.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Mark Bobrowski* for Zoning Board of Appeals of Canton.

*David A. Guberman,* Assistant Attorney General, for Housing
Appeals Committee.

*Brian M. Hurley* for Canton Property Holding, LLC.

[1]Canton Property Holding, LLC.

*Theodore C. Regnante & Paul J. Haverty*, for Citizens' Housing and Planning Association & another, amici curiae, submitted a brief.

COWIN, J. As in *Taylor* v. *Housing Appeals Comm.*, *ante* 149 (2008), this case requires us to pass upon the validity of 760 Code Mass. Regs. § 31.04(1)(a) (2004), which sets the date at which a municipality's stock of low or moderate income housing is calculated for the purpose of determining whether it has met the threshold set forth in G. L. c. 40B, 20. The zoning board of appeals of Canton (board) sought judicial review of a decision by the Housing Appeals Committee (HAC) of the Department of Housing and Community Development (DHCD), which had ordered the board to issue a comprehensive permit to Canton Property Holding, LLC (CPH), pursuant to G. L. c. 40B, §§ 20-23. A Superior Court judge granted the board's motion for judgment on the pleadings, concluding that HAC had no authority to order the board to issue a permit, since the town had achieved the statutory minimum ten per cent of affordable housing while CPH's appeal was pending.[2] CPH and HAC appealed that decision. We transferred the case to this court on our own motion. We now reverse the judgment of the Superior Court.

*Facts and procedural history.* The facts are not in dispute. In June, 2002, CPH submitted a comprehensive permit application for a project to be constructed on land located on Randolph Street in Canton (town). CPH's proposed project consisted of two developments: one comprising 196 rental units, and a subdivision consisting of twenty-four single-family homes, one two-family home, and three duplexes. Both developments would qualify as "low or moderate income housing" under G. L. c. 40B, § 20.[3]

After a series of hearings held between August, 2002, and

---

[2]Pursuant to G. L. c. 40B, §§ 20-23, if a municipality has devoted ten per cent of its total housing units to low or moderate income housing, it may deny a comprehensive permit application, and that denial is conclusively presumed to be consistent with local needs. A denial in these circumstances is not appealable to the Housing Appeals Committee (HAC). See *Taylor* v. *Housing Appeals Comm.*, *ante* 149, 152 (2008); *Zoning Bd. of Appeals of Wellesley* v. *Ardemore Apartments Ltd. Partnership*, 436 Mass. 811, 814-816 (2002); *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 366-367 (1973).

[3]The entire project would be subsidized under the Federal Home Loan Bank of Boston's New England Fund, and twenty-five per cent of the units would be

June, 2003, the board denied the application in a decision filed with the town clerk July 11, 2003. The board cited a number of factors, primarily increased vehicular traffic, to support its finding that the proposed project was inconsistent with local needs. In its decision, the board recognized that, as of the date of decision, the town "apparently" had not satisfied the statutory minimum levels of affordable housing. CPH appealed to HAC.

Meanwhile, in August, 2003, the board had also denied comprehensive permit applications from another developer for two other projects, Pequit View and Pequit Village (Pequit projects), and the developer of those projects had appealed to HAC. While CPH's appeal was pending, the board reached an agreement with the developer of the Pequit projects that resulted in the issuance of comprehensive permits for those projects. The board's approval of the Pequit projects, which together comprised 180 affordable housing units, brought the town over the ten per cent affordable housing threshold. The board moved to dismiss CPH's appeal, arguing that HAC's power to decide the appeal had been "extinguished" the moment the town passed the ten per cent minimum, and that requiring the board to approve the CPH project would result in the town's devotion of more than twelve per cent of its housing stock to affordable housing, an "unreasonable" demand.

HAC denied the motion, concluding that, pursuant to 760 Code Mass. Regs. § 31.04(1)(a), the town's compliance with the statutory minimum was determined as of the date of the board's decision on the permit application and was not affected by subsequent events. In a decision dated September 20, 2005, HAC vacated the board's decision and ordered it to issue a comprehensive permit to CPH. Among other findings, HAC concluded that the board's settlement of the appeals related to the Pequit projects did not require dismissal of CPH's appeal; that concerns about traffic flow were primarily a matter of "inconvenience" and did not rise to a public safety concern that outweighed the need for affordable housing; and that, in the circumstances, to require that twelve per cent of the town's housing units be affordable was not unreasonable.

The board sought judicial review pursuant to G. L. c. 30A,

---

restricted as low or moderate income housing units for at least fifteen years. See 760 Code Mass. Regs. 30.02 (2002).

§ 14. A judge in the Superior Court reversed HAC's decision, concluding that 760 Code Mass. Regs. § 31.04(1)(a), which establishes the regulation determining the date for calculating a town's compliance with the statutory minimum, was contrary to the underlying purpose of G. L. c. 40B, §§ 20-23. The judge reasoned that by fixing the date of the town's compliance with the statutory minimum at the time of the board's decision, HAC and DHCD had "skew[ed] the . . . delicate balance [of G. L. c. 40B, §§ 23-23,] too far in favor of developers and against municipal autonomy." This appeal followed.

*Discussion.* Superior Court review of an agency's properly promulgated regulation is deferential; "regulations 'are not to be declared void unless their provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate.' " *Goldberg* v. *Board of Health of Granby,* 444 Mass. 627, 633 (2005), quoting *Berrios* v. *Department of Pub. Welfare,* 411 Mass. 587, 595-596 (1992). Where a statute is silent or ambiguous, the fact that a court might have interpreted the statute differently from the agency is unimportant. *Goldberg* v. *Board of Health of Granby, supra.*

DHCD has promulgated a regulation stating that a town's compliance with the statutory minimum levels of affordable housing is to be calculated as of the time a local board files its decision on a comprehensive permit application. 760 Code Mass. Regs. § 31.04(1)(a). As we made clear in *Taylor* v. *Housing Appeals Comm., supra* at 155, DHCD's choice of the date of filing of the board's decision is neither irrational nor inconsistent with the statute.

The judge has correctly identified in the statute a legislative effort to strike a balance between increasing the development of low and moderate income housing and preserving, to the extent possible, traditional municipal autonomy in land use decisions. He then held, however, that the regulation is inconsistent with the balancing by the Legislature because the regulation may impose the G. L. c. 40B process upon a municipality after the statutory threshold has been achieved. We conclude otherwise. We recognize that there is a balancing in the statute of the type the judge describes, but that balance is not unlawfully affected by the timing set forth in the regulation. That timing was a detail within the agency's discretion.

Because the Superior Court judge deemed that HAC was without authority to consider CPH's appeal, he did not address the grounds on which the board denied the permit. Our conclusion that HAC did have authority to hear the appeal requires that the complaint be considered on the merits. The decision of the Superior Court is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.

*So ordered.*